## MARY Z. GROVER *v.* S. M. D. CLARKE.

The interest of the mother in the estate of her deceased child must be governed by articles 899, 900 of the Civil Code which treat of inheritance, and not by article 1481, which treats of donations. That interest, therefore, is one-fourth and not one-third of the child's estate.

APPEAL from the District Court of West Baton Rouge, *Burk*, J. *George S. Lacy*, for plaintiff. *Lobdell*, for defendant. By the court:

PRESTON, J. *Hyram S. Grover*, in his lifetime, entered into a copartnership with *Dr. Nolan* for the cultivation of sugar, upon a plantation owned by them jointly, lying in the parish of West Baton Rouge, which copartnership was in existence at the time of *Grover's* death. It appears from the evidence in the

record, that the plaintiff and *Grover* intermarried in the month of February, 1845, and that the latter departed this life on the 16th of October, 1846, leaving the following children his heirs : *Harriet, Pauline, Hyram, Justus* and *James Hamilton*, children by his first wife, and *Mary Estelle* the child of the plaintiff in this action. Previous to his death, he, *Grover*, made his last will, which has been duly probated, whereby he made in favor of his wife, the plaintiff, the following dispositions : "He gave her three thousand dollars for her own use and benefit, and also his barouche and horses. So long as she remained a widow, she was to have the use of the house, yard, &c.; to be furnished with necessary supplies ; was to receive three hundred dollars per annum, and have the use of the slaves *Ralph,* ———, *Caroline, Charity* and *Kitty.*"

By the will, *S. M. D. Clarke* was appointed executor and tutor to the testator's children.

Shortly after the death of *Grover, Mary Estelle*, his child by the plaintiff, also departed this life, leaving, as her heirs, her mother and half brothers and sisters.

This action was commenced for the rendition of an executor's account, for the recovery of the legacy of $3000, and the further legacy of $300 per annum from *Grover's* death until the expiration of the plaintiff's widowhood ; for the recovery of the barouche and horses, and to obtain the use of the servants, and of the house, garden, &c., as set forth in the will ; for the rendition, by *Clarke*, of his account as tutor of *Mary Estelle* ; for the recovery of plaintiff's portion of the estate of her deceased child, *Mary Estelle*, with a decree of partition ; and, lastly, to obtain a decree for the interest of the plaintiff in the community of acquets between her and her deceased husband, alleged to amount to $835 13.

The evidence in the record satisfies the court that the annual allowance of $300 to the plaintiff, by the will of her deceased husband, has been paid to her during the years in which she remained a widow ; and that having married *Edward Boegle*, who joins her in prosecuting this suit, she has lost any legal claim, on her part, for the continuance of that allowance, and has put an end to her right as usufructuary of the house and yard, the negroes *Ralph,* ———, *Caroline, Charity* and *Kitty*, and the supplies necessary for her use and the use of her family. Her demands in these respects, therefore, must be rejected.

It is admitted, by counsel, that *Clarke* acted as tutor of *Mary Estelle* for a very short time, and during that period he received and disbursed nothing in that capacity. Under such circumstances, he has no account to render as the tutor of the plaintiff's child, and he must be discharged from that portion of plaintiff's demand.

It is contended, on the part of the plaintiff, that judgment should have been rendered in favor of the estate of *Grover*, and against *Clarke*, as executor, for the sum of three thousand and seventy-three dollars and forty-five cents ; and, furthermore, it is urged that the community is indebted to the plaintiff in the sum of eight hundred and thirty-five dollars and thirteen cents. The settlement of these claims required the examination of long and intricate accounts, kept by *John R. Shaw & Co.* with *Grover* and *Nolan* ; the accounts of *Grover* with *Grover* and *Nolan* ; and the accounts of *Nolan* kept with *Grover* and *Nolan* ; the investigations of a mass of testimony, and the perusal of a great many vouchers. These accounts, which are complicated and running through a series of years, should have been referred to auditors, and our examination of

them is not satisfactory to ourselves. The counsel for the parties, at the same time, have pressed upon the court the necessity of a final judgment, and under such circumstances, from the best examination we have been able to give them, and taking into consideration the decision of the district judge, we have concluded to consider the community between the plaintiff and her deceased husband as about balanced as to money claims, leaving on hand, however, the boy *William*, who is found in the succession as community property, to be partitioned as hereinafter set forth ; the executor's accounts being approved so far as they are not inconsistent with this decree.

Our attention has been next directed to the claim of the plaintiff for the legacy of $3000, contained in the will of her decased husband. It is admitted by the counsel for the plaintiff, in his printed brief, that the deceased was not permitted by law to bequeath in favor of his wife an amount exceeding the tenth part of his estate, or the usufruct of one-fifth part thereof. He contends, however, that the basis upon which the amount must be calculated, is the present condition of the estate, and not the condition which it had at the time of *Grover's* death. We do not think the present case forms an exception to art. 1492 of the Code, and have concluded that " to determine the reduction to which the donation of $3000, made to the plaintiff, is liable, an aggregate must be formed of all the property belonging to her deceased husband at the time of his decease. The debts due by the estate must be deducted from the aggregate amount, and the disposable portion calculated on the balance." The legacy of $3000 has been reduced by the district court to one-tenth of the net estate of the testator, at the time of his death, which was fixed by the judge at $13,200 ; in fixing which amount, he is fully justified by the pleadings and evidence, and as the one-tenth of the amount is the sum of $1320, and as the plaintiff does not press her right to the usufruct of the fifth of the estate, the judgment of the district court, on this part of the case, must be affirmed.

The plaintiff, in her petition, claims to be the sole heir of her deceased child, *Mary Estelle*, and prays for a judgment recognizing her as such. In the brief of her counsel, however, she disclaims, under articles 899, 900, 907, 909 of the Code, any expectation of recovering the entire estate of her child, and limits her demand to one-third of the same.

In support of this position, it is argued that when these articles of the Civil Code are placed in contrast with article 1481, it will be seen that the plaintiff is a forced heir of, and, therefore, entitled to a third of her child's estate ; and it is said that reason and a proper interpretation of the legislative will, both support the construction given to the code by the plaintiff. In these views we cannot concur with the counsel for the plaintiff. The last article seems inconsistent with articles 899 and 900. These, however, treat of inheritance, which is the subject under consideration, and are explicit.

The article 1481 treats of donations, and does not expressly apply to the present case. Therefore we have concluded, that the interest of the plaintiff in the estate of her deceased child, *Mary Estelle*, must be governed by the arts. 899 and 900 of the code, and is one-fourth, and to that extent she is recognized by the court as the heir of her deceased child.

The defendant has filed an account, in which he has charged the plaintiff for the rent of the dwelling house, out houses, furniture, &c.; for the use of *Caroline, Silva, Ralph, Charity* and *Kitty* ; for the provisions and articles of necessary supplies, and for the yearly allowance of $300 for the years 1847 and

1848, making the account against the plaintiff amount to the sum of $2720. From the amount he has deducted $582, admitted to be a charge in favor of the plaintiff and against the estate, and prays for a judgment for the balance. The use of the property and the annual allowance were given to the widow by the will of the husband; the tutor of the minor, so far from suing for a reduction of the donation in this respect, carried out the will, and, as executor and tutor, the defendant placed the property and funds in the possession of the plaintiff. She received and used the same in good faith, with every reason to suppose that she was enjoying her own property. The executor ought not to be permitted to defeat the wishes of the testator; nor should he, as tutor of the children, be allowed to recover the value of the use of certain property which was not only given as a dying bequest to their father's wife, probably for their benefit, as well as her own, in keeping his family and property together, and which she has been permitted to use and enjoy, without any expectation, on her part, of being called upon to pay for such use. We will say, further, that the contract of partnership with *Dr. Nolan* was a community contract, and rendered this arrangement useful, temporarily at least, if not indispensable to the estate, to prevent controversies and the partition of the estate. The same consideration and principles laid down in the case of *Young et al.* v. *Carl and Stephens*, lately decided, but not yet reported, justifies us in rejecting the demand of the executor, and also the counter claim for $582, presented by the plaintiff, as an ordinary creditor. This claim is no where set up in the pleadings, and is established only hypothetically in the account of the defendant, which we have rejected, and therefore the credit must be dismissed with it.

The accounts filed by *Clarke*, as the tutor of the minor children, have been examined by the court, and as the under tutor who represented the minors was notified therewith, and has not appealed from the judgment relative to them, and we can see no objection to them, they must be approved, as *primâ facie* at least correct.

For the reasons stated, it is ordered, adjudged and decreed, that the plaintiff's claim against the executor for an alleged balance due by him, and against the community formerly existing between the plaintiff and her deceased husband, with the exception of the slave *William*, be rejected. It is further decreed, that the plaintiff do recover from the heirs of her deceased husband, thirteen hundred and twenty dollars, with five per cent interest from judicial demand until paid. And, moreover, that the plaintiff be recognized as the heir of one-fourth of the estate of her deceased child, *Mary Estelle Grover*, and that the executor do account to her, in that capacity, for one-sixteenth part of the crops of 1847, 1848, 1849, 1850 and 1851, or so much thereof as may be left after paying the debts of the estate and the deduction of charges; and that the matter be referred to a notary public, to make a partition of all the property belonging to the succession of the deceased, the plaintiff to receive one-sixteenth part of the same, the balance to be held jointly by the surviving children of *Hyram S. Grover*, or to be equally divided among them. It is furthermore ordered, that the slave *William*, belonging to the community, be sold to effect a partition, and that the plaintiff do receive from the proceeds arising from the one-half and the sixteenth of the other half of said proceeds; the balance to be equally divided among the said children of *Grover*.

It is further ordered and decreed, that the executor's and tutor's accounts be approved and homologated according to the principles of this opinion; and that the costs of both courts be paid by the succession.